Good afternoon or good morning, Your Honors. This is Kirk Hallam for Appellant and Cross Appellee, MASS Group, Inc. If I may proceed, with the Court's permission, I'd like to address first the issues as they most important to note that the sole issue that was raised by the cross-field was the Court's ultimate denial of an award of an attorney's fees to Mr. Heisentritte for his costs in defending against my client's claim for breach of a nondisclosure agreement. And that issue, which was the sole issue raised on the cross-appeal, was neither preserved in the trial court nor in these appellate proceedings, and I want to address that specifically. What the district court did in this regard was to find that even though the jury concluded that Mr. Heisentritte did, in fact, breach the nondisclosure agreement, that he was the prevailing party because the jury did not award any damages for that breach. And based upon that, the court said it was willing to consider an award of attorney's fees to Mr. Heisentritte. The court wanted Mr. Heisentritte to submit its damages apportioned solely to the defense of that contract claim by my client, and Mr. Heisentritte declined to do so, offered neither any evidence as to what those apportioned damages, that is the attorney's fees, for defending against the breach of contract claim were, nor did he file any objection to the court's request that those be apportioned. And as a result, Mr. Heisentritte was denied any fees for his failure to offer any apportionment and failure to give myself the opportunity to dispute what those apportioned fees might be. That's the sole issue in the cross appeal. It was not raised in the district court that the court had improperly requested apportionment of those fees, and as I say, there was no offer of proof as to what those apportioned fees would be or that it was impossible or impractical for those fees to be apportioned. It was also waived by failure to comply with this court's appellate rules of procedure in that this issue, Mr. Heisentritte's claim for attorney's fees and the court's exercise of its in the cross appeal and the opening brief. But they do raise the issue of whether or not the district court should have required apportionment, so maybe what they can argue is very narrow, but why can't they argue that issue? Well, Judge Collins, in point of fact, they did not raise that issue in their opening brief. In fact, the only issue that they raised that could even remotely be related to this issue of Mr. Heisentritte's attorney's fees. I'm looking at page 54 of the second brief on cross appeal, and it says the district court erred in demanding apportionment of Heisentritte's fees, and then it has argument on that. Is that not a preservation of the issue? Your Honor, in the issues presented, which, as I understand from this court's rules of appellate procedure, require a statement of the issue to preserve it for appeal. There is no mention of fees. There is no mention of the court's ruling with respect to those fees or of apportionment, and I see what you're referring to, Your Honor. They do reference that in the body of the brief, but nowhere do they raise it in the issue presented as required by the rule. I'm sure we would find that to be a waiver if they left it out of the issues presented when it's actually argued in the brief, but there also is question four where it said the district court erred by declining to find the plaintiff was the prevailing party on its breach of contract claim when the jury awarded zero damages and the plaintiff obtained no other relief. It may not exactly correspond to what they later said on that issue in the brief, but it is mentioned in the issues presented as well. Well, that's an issue that's raised by our appeal and our objection to the court's refusal to find that Mass Group was the prevailing party, but nevertheless, Your Honor, they have clearly waived that argument before the district court by failing to respond in any fashion when the district court suggested that it might award fees to Mr. Heisenschreit as the so-called prevailing party on the breach of contract claim. When they failed to offer any evidence of apportioned damages, nor did they file an objection saying this is impossible and give the court the opportunity to either modify its order or give us the opportunity to support the court's exercise of its discretion to apportion fees. I'd also like to point out, Your Honor, if I may, that we believe that the court was unquestionably incorrect when it deemed Mr. Heisenschreit to be the prevailing party on a breach of contract claim where the jury specifically found in its special verdict or interrogatories that Mr. Heisenschreit, as well as Mr. Hughes, breached that nondisclosure agreement and... Don't you have to show under Aguilera the Ninth Circuit case that damages, that there were, show applicable and actual damages in order to make a claim? I mean, I'm quoting from that case. Well, Your Honor, I don't believe that's the case in the context, certainly, of California law where Witkin says that the breach by itself is adequate, but secondly, where the contract at issue, the nondisclosure agreement, contains explicit language stating that there is no need for there to be damages either for an injunction to issue or for my client or the non-breaching party to be deemed the prevailing party. And it's essential in nondisclosure agreements of this kind, seeking to protect trade secrets, which the California courts have deemed a constitutionally protected form of intellectual property. It's very important that the nondisclosure agreements guard against the use of trade secrets and other confidential information, even in the absence of any proof of actual damages, because as the contract states, it's very difficult oftentimes to prove that damage, but the need that the parties are mutually expressing in that agreement to protect the trade secrets is paramount. And for the same reasons, Your Honor, it is not required under the California Uniform Trade Secrets Act to demonstrate or have a finding of actual damage for misappropriation to have occurred. And in this case... Can I ask you about your misappropriation claim? Because I struggled with that one a little, and so let me ask you about it. The district court said that you didn't present evidence at trial supporting a reasonable royalty on that, right? Yes. And I understand your argument on that, that you didn't have an obligation to, but couldn't we understand what the district court to mean that after seeing your case, no royalty was warranted? I don't believe so, Your Honor, because the district court explicitly found that because we didn't include reference to the reasonable royalty claim in the pretrial conference order, and we didn't put on evidence at trial, that that was the basis or the bases for her denying even a consideration of that issue. Can I ask you about, was that pretrial order ever filed? The pretrial conference order was, yes, Your Honor. And as you know from the argument, I won't belabor it, in our briefs, the central district local rule explicitly excludes any reference to damage theories, and the judge's own instructions to the jury were that there may be consideration of a reasonable royalty post-trial, but it was not an issue for them during the trial. And given that we were extremely limited in the amount of time, that is all parties, that we were allowed to offer evidence to the jury, and there was an explicit jury instruction that said, this is not for your consideration, it will be determined by the court in a post-trial motion. Did you ever file a post-trial motion requesting a reasonable royalty? Yes, Your Honor, we did. We filed the motion to modify and vacate the judgment. No, I'm talking about before entry of judgment. That's the relevant time when one would do that, not after the judgment has been entered against you. Well, yes, we filed two briefs before the final judgment was entered, both of which addressed the issue of the reasonable royalty and the injunctive relief that we were seeking. And we stipulated with opposing counsel that this was the method of briefing all of the issues pertaining to the judgment and what it should ultimately contain. And we were very explicit in our briefing. Can you give me the record sites if you have them, or at least the dates that you filed those post-trial pre-judgment briefs? Yes, Your Honor. One moment for that and I will find that for you. Or if you can give that to us on rebuttal, perhaps, if you're able to track it down. Sure. That would be great. Thank you. And the court in its order denying any consideration of a reasonable royalty, not denying a reasonable royalty based on anything other than the fact that we hadn't put in evidence at trial, was very clear that there was no consideration of a reasonable royalty. And it is on all fours with the Condor case, which remarkably involved a claim of very similar facts, where the jury found that there was a finding of no damage, which is, of course, a precursor for seeking a reasonable royalty under the California Securities Act. If there's not a finding of no damage, then you're not allowed to seek a reasonable royalty. I agree with you on that, but that's why I asked the question I did. My impression as to how things unfolded were that the jury's verdict came in. You were at that point alerted to the fact that, hey, I'm going to need to seek equitable relief from the court if I'm going to get anything out of this trial. The judge told you and the other side to confer about a schedule for post-trial motions. And then the next thing the judge got was your proposed judgment with a line that just said, reasonable royalty, blank dollars. And if I were the judge, I would say, there's no way I can fill this in because you never presented to me any evidence post-trial. And you never even asked for a reasonable royalty until you've given me this proposed judgment. And that's too late. So that's why I wanted to know, was there something between the jury's verdict coming in and your submission of the proposed judgment in which you asked for a reasonable royalty? Yes, Your Honor, we filed a brief. We, on our own, filed a brief regarding the judgment. And then the court asked us to confer and we reached an agreed upon schedule and submitted another brief. And both of those briefs specifically addressed and requested consideration of a reasonable royalty and set forth the statutory principles for consideration of that. But one point I'd like to make. And just to be clear, those were pre-judgment? Those were pre-judgment. But the court almost instantaneously, upon conclusion of the jury trial and the jury rendering its verdict, issued an order that said the defendants are the prevailing party on all issues. And that's what prompted us to file our first brief before the entry of a judgment, before the entry of the judgment and raise the issue of a reasonable royalty and raise the issue of a permanent injunction. And it was subsequently briefed, as I said, by both parties and by us a second time. So we were doing everything possible to preserve our right to post-judgment consideration of a request for a reasonable royalty and a permanent injunction. And short of filing a motion, we were focused on trying to get the judgment modified, because unless we were the prevailing party in a modified judgment, we wouldn't have a claim for a reasonable royalty or a permanent injunction. And that was the fundamental defect in the court's minute order that we immediately addressed. And we addressed the reasonable royalty and the injunction issues in the context of that fundamental overriding issue, without which it would be pointless for us to be filing motions. Okay, counsel, you've used up all of your time. I'll give you two minutes for rebuttal. But if you can, on rebuttal, please give me at least, because I just don't have the information at my fingertips, just either the record sites or the dates that you filed those post-trial, so the jury's verdict came in before the proposed judgment was submitted, some kind of a motion requesting a reasonable royalty or injunction. That would be very helpful. Okay, so we'll give you two minutes for rebuttal. But let's now hear from counsel for the other side. And I gather that there's going to be a division of the 15 minutes? That's correct, Your Honor. May it please the court, my name is Kevin Abbott, counsel for the defendants Heisentreit, Hughes, and Informatrac. I have also my colleague Elizabeth Yang is here, representing the other defendants in the matter. I use plaintiff and defendant since we have a cross appeal, and hopefully that's acceptable. I plan on taking about 10 minutes, and then Ms. Yang will take the remaining five. Are you guys addressing different issues, or how are you dividing it? We really are both addressing the same issues. I don't think there's much, there's not a clear line of demarcation between the issues that we have. There's obviously some issues that apply only to my clients, but I think the ones that we share in common, we share in common. Okay. So I want to address first what was said about Mr. Heisentreit and the attorney fee award, and the failure supposedly to perfect that argument. What happened was there was a motion for attorney's fees, including part of that argument of course, and the opposition in the reply was whether or not all the fees should be awarded. Because this was unfortunately a very big case, relatively speaking, with a lot of attorney's fees, and that was briefed. The court ultimately decided in a ruling that it would require a portion of the fees, and we've filed the notice of appeal of that order, and an attorney fee order is an appealable issue. And so there was no, I don't know what... Can I back you up? Go ahead, Judge Watson. No, please, Judge DeParle, go ahead. Can I back you up just on a second? What is wrong with, I'm not sure I follow what's wrong with a trial court asking for apportionment, and you didn't provide an offer of proof or anything, right? We did, you mean with respect to our motion? The motion for fees in the district court? Yes, yes. We did. We explained very clearly that we felt that this is a classic case of the intertwining fees, and really I'm frankly at a loss if, for example, the court denies our appeal of that and we're going back to the district court to attempt to apportion. I don't know where to begin. The breach of contract claims, as the contract states, is... I'm sorry, as the complaint states, is that my client supposedly misappropriated trade secrets and used copyrighted material. That's the breach of contract. I can't pick a spot and say, oh yeah, that was my time on the contract, because that wasn't. Didn't your friend on the other side, and didn't the jury itself find that your client did that? They just didn't find damages? Or how are we to read that verdict? The verdict is, I think, pretty straightforward, which is that the jury found, and I can agree or not, but the jury found that certain, that the elements had been met for a breach and for various other claims, but they put zero damages with respect to all these claims. For copyright, they found no liability whatsoever, but for the other claims, they found, by and large, that a certain thing had occurred, a breach, a misappropriation, but then found zero damages across the board. And we've submitted a variety of cases, Ninth Circuit and otherwise, that say when that happens, it is entirely proper for the judge to exercise its discretion, and it's an abuser discretion standard in terms of the judgment that they're going to make following a verdict. That judgment for the defendant is appropriate. I think it's very important in this case. A key distinction is that there was no nominal damage instruction given. We have a case, for example, the Wills case that we've cited to, points out that there might be an exception where there is a nominal damage found, and that could be enough to trigger the difference, but a zero damage means that that portion, that element of this claim, and like the court indicated just now, it is a necessary element for all the claims at issue, and it was found to be zero damages. And so, therefore, the judgment was entirely correct to, sorry, the court was entirely correct to say judgment should be found in favor of the defendants. And this is an important point. It goes to something else that Mr. Hallam brought up. That judgment did not come immediately after the trial. I'd like you to direct the court to page 85 of our excerpts of record. They're what's called a joint report regarding the form of the proposed judgment, and this was filed on, this is dated February 26, 2019, and it says the defendants prepared a proposed judgment and served that proposed judgment on plaintiff's counsel for consideration. Plaintiff, I'm paraphrasing, plaintiff subjected to that form of judgment and provided their own form of the proposed judgment. An exhibit was given, and ultimately what resulted was a briefing schedule, opening and closing briefs on the form of the judgment. There was never a motion to file a preliminary, for a preliminary injunction, and there was a motion for a reasonable royalty. And that is, I think, the key difference between this case and the Condor case. Let me just make sure I understood you correctly. So are you disputing your opponent's claim that there was a prejudgment, a post-trial prejudgment motion for both requesting a reasonable royalty and injunctive relief? A hundred percent. I'm completely saying that because none ever happened. There was the judge. We were asked to meet and confer on the form of the judgment. There was also at the close of trial, and it's on the transcript, that the court said, is there anything further? There wasn't anything about we intend to file a motion under Rule 50. We intend to file a motion for an injunction or a reasonable royalty. What you see in that Condor case is that such a motion was filed. In fact, and I know this gets a bit aside in terms of what's on the record, but at least there's a reference to an appellant brief that plaintiff included in his request for judicial notice that essentially says immediately after the verdict, a motion for reasonable royalty was filed. That never happened. There was back and forth on the form of proposed judgment. There is no evidence that says this is what the injunction, this is why we're entitled to an injunction. There's no evidence that says this is what the— When you say back and forth, I'm sorry, what do you mean by that? Back and forth between the parties, or were there filings? There were filings. I'm saying that there was a filing regarding basically an opening and closing brief that both parties did. This is by stipulation in terms of how the briefing schedule would go. After trial, but before the proposed judgment. Before the judgment was entered. This was how the form of the judgment was going to be briefed. And so there was a—briefs were submitted that said the judgment— There was a second brief on the form of judgment. The judgment that he then favored was something that said—basically referenced the verdict. Judgment is entered according to the verdict entered on February 19th. And no request for proposed royalty in laying out why he was entitled to a proposed royalty, or yet Mass was entitled to a proposed royalty. That's where he ended up. He had submitted, like you saw, a proposed judgment that had blanks for reasonable royalty, that it should be entered. And there was always this reference to post-trial motions. But between the time of the jury entering its verdict and then to the time of the judgment being entered, there was no motion was ever filed. In Condor, a motion was filed. And even though there were arguments about potential waiver, the Court of Appeals said, well, this motion was filed and decided on the merits. And so we're going to consider it on the merits. There's no motion here. And now we're at a judgment stage. And now the only way—in fact, Mr. Hallam's first answer as to whether he had sought this was by a motion to amend the judgment. There was very specific requirements in terms of what a motion to amend the judgment would apply to, the kind of manifest error or something like that, new, unusual circumstances, that kind of thing. An injunction that he had been planning on seeking since the inception of this case, or a reasonable royalty that had been supposed to be sought since the inception of this case, is not that. It's something—that's not the new and unusual circumstances that warrant amending the judgment. So we can't—this case doesn't just stay open forever. And maybe at some point we'll receive a motion that says, with an expert declaration, talking about the value of the reasonable royalty of the trade secrets at issue, which—and even what those trade secrets are is, to be honest, very nebulous. But I don't think we have to worry about that because we've already had a judgment entered and no motion for either injunction or a reasonable royalty was ever filed. Can I take you back to your cross appeal? Let's say that we agreed with you that you at least preserve the basic question as to whether apportionment should or should not have been required. It seems to me you've preserved that issue at least. I guess I was inclined to think that the district court didn't abuse its discretion in saying, listen, there were a whole slew of claims in this case. Copyright, misappropriation, just a whole range of claims. Yeah, technically you did prevail on this one sliver of the case. And then you've come in—I gather that you pretty much came in and just said, and we want all of our attorneys' fees for litigating the entire case? Essentially. There may have been some— And so the court said, no, I'm not going to do that. You're going to have to come up with some basis for giving me some subset of these fees. That's the only thing that's really reasonable here, given the way this case played out. And then you just said, no, we're not willing to do that. We'll take our shot at getting the appellate court to overrule you. So just give me your best argument as to why the court abused its discretion in requiring you to come up with some way of presenting a subset of the fees that you were entitled to. And I know that that's the standard, and I know that that's not an easy one necessarily to beat. I would say this is that one. This is that example of an abuse of discretion. We cite to the Amtower case. This is a California Court of Appeal case, which would be applicable in this particular realm that we're talking about. It says all the causes of action in the pleading relied upon the same factual allegations. That's a quote from the case, and that's what we have here. And so really my submittal or my primary evidence for that is the amended complaint itself. I simply have no way, if you look at it, everything is repeated over and over again. The breach of contract applies to everything. Including the copyright claims? Really. How so? Because the idea was there was a nondisclosure agreement in terms of what our clients can and can't do. And the operative complaint, I want to make sure I live in this yank some time, but the operative complaint includes those copyright aspects, the software, which is really what the copyright claims are about. You're saying you did not spend one extra minute of time preparing this case beyond what you would have done just for the breach of contract when it also had copyright claims? I just find that impossible to accept. And that's why I'm saying if that's your position, I just don't see an abuse of discretion on the district court's part in saying no. There must have been one minute of extra time you had to spend preparing the copyright case that didn't involve the contract case. Well, and I think if you look at the allegations, I think you'll find that those claims that underlie the contract claim, sorry, the copyright claim, are found in the contract claim. What about all the jury instructions you prepared, for example? All those were related to the contract claim, and doesn't that exist throughout the pretrial order where you prepared areas not related? I find it hard to believe, too. Well, I think that even so, that's a very small sliver. I understand the court's argument, but I do think that ultimately the way the judge's order was posed is that I had to find a way to find to a portion on the breach of contract claim specifically. That's different than perhaps the negative that you're talking about, which is maybe I can find things that wouldn't apply exactly to the breach of contract claim, but finding what some sliver that applies to only the breach of contract claim in the entire course of the litigation, that's where I find the greatest difficulty. It's not so much sort of paring off a little bit here and there, for example, the jury instructions, but rather to say I need to zero out in this entire case and find what was only relevant to the breach of contract and not the other claims, not any of the other claims, including copyright. And I just feel like to the extent that it can be abuse of discretion if the apportionment is not appropriate, I think as the judge has asked us to do, I think that would apply here. I don't want to take all this time. You're going to have to stop because, yeah, you've bled into your co-counsel's time, but we'll certainly give Ms. Yang the time that she needs. So what do you want to tell us? That's okay. I have told Kevin that he can go into my time if needed because we're pretty much covering the same issues. I'm only representing Defendant Edward Nugent in this case, and I understand there's an entire slew of different claims involved. My client is only involved in Claim 10, which is the misappropriation of trade secrets case claims. So I reiterate everything that Mr. Abbott has stated regarding Claim 10 on this action, and if Kevin wants to add anything else, I can give him the extra minute to add anything else. Okay. That's fine. Okay. So with respect to the misappropriation of trade secrets claim that was also mentioned at the outset, whether or not who is a prevailing party is ultimately under the abuse of discretion standard as well. And this situation in which no relief was awarded, zero damages, there was no motion for reasonable royalty or an injunction. Prevailing party status, the law is very clear that that is based on a practical look at the relief granted. And so you look at that relief that was granted, which is nothing. The plaintiff literally has walked away with this with nothing. The court was entirely within its discretion to find that the defense in this case was the prevailing party. Mr. Hallam brought up the contracted issue, and there was a very common clause that says that these may not be something that can be measurable by damages. And so there's an allowance for injunctive relief. No injunctive relief was sought. They knew from the inception of the case that that was theoretically on the table, and they never filed a motion. Rather, they briefed the judgment, culminating with an argument that it should just be a reference to the verdict. And then the judge introduced judgment accordingly. So we ask that the judgment be affirmed. We ask that the judge that the court's decision not to apportion be reversed. And certainly, Mr. Plaintiff's appeal of the attorney fee award asking for fees in its favor should also be that that initial decision should be affirmed. OK, great. Thank you both for your arguments. Let's put two minutes on the clock for counsel. Yes. Thank you, Your Honor. First off, in response to Mr. Hallam, would you mind just turning on your camera, please? If you don't mind. Yeah, that's great. No, no. I don't mind at all. Thank you. And thank you for giving me some additional time. First off, I'm going to ask you just right away to clear up this issue about whether or not you made a post-trial pre-judgment royalty request. Because I looked at the docket, and the only thing I could find that you filed between the verdict and the judgment was a brief that is docket 420. And in that brief, what you said was, as explicitly provided by the FRCP in California law, plaintiff will seek from the court such a reasonable royalty, punitive damages, attorney's fees, and injunctive relief, where appropriate, by way of post-judgment motion. So you took the position that you didn't have to do it before judgment, and you could do it at your leisure after judgment. And the court said, well, that's not how it works, and here's the judgment. And I don't see why that's wrong. Tell me why it is. Well, Your Honor, first off... It also suggests, I mean, what you said, that you filed such a pre-judgment motion, was not true. We filed on, with reference to the brief that you were reading from, that brief on March 15th... We lost, oh, we've regained justice. We also filed an additional brief on March 27th, asking the court to consider our request for a reasonable royalty and to include it within the form of the judgment. But prior to that, Your Honor, prior to that, the court had indicated that we were not entitled to consideration of a reasonable royalty by commenting that it wasn't subject of evidence at trial. So we were trying, as we knew we needed to, to get the court to modify the judgment or vacate the judgment to allow us to brief and put on evidence of a reasonable royalty. And in the Condor case, Your Honor, ironically, it came back to Judge Snyder, and she allowed discovery and including depositions and expert reports and submission of evidence and briefing when none of that had been submitted in the district court previously. And there hadn't been an opportunity to submit that, and that's what the Ninth Circuit said was not fair. Because it wasn't fair in that case, and it's not fair in this case to say we're not entitled to a consideration of a reasonable royalty because the court based its ruling very early on that we were not entitled even to consideration of a reasonable royalty because we hadn't put on evidence at trial. And that is just fundamentally wrong as a legal matter, and that is what the Condor case stands for, that you're not required, nor are you allowed to put on evidence to support a reasonable royalty. If we had dared to try to put an expert on the stand to talk about what kind of reasonable royalty we would have been entitled to, the judge would have instructed me to discontinue that offer of proof because the jury instructions that we had agreed to and that the court subsequently read were very clear that that was not an issue for the jury's consideration. So the judge having issued a ruling immediately after the jury trial to the effect that we will not do a consideration of a reasonable royalty because we didn't include it in the pretrial conference order and we didn't put on evidence at trial, that was a mistaken decision of law. And that's the mistaken decision of law that entitles us to have that portion of the judgment reversed. And frankly, when the court does what we believe is the correct thing, and... Judge Wofford, you're muted. I'm on mute. Yeah, that's always the problem. Judge, I was just trying to instruct you that you've well exceeded your rebuttal time, so please just wrap up with your closing comment. I would like to just very briefly address, and I appreciate that, Your Honor, the point that was made by my opposing counsel with respect to the prevailing party determination being an issue of discretion of the court with respect to the breach of contract by Mr. Heisentraut, whom the jury found to have breached the contract. That's not a factual issue of discretion in this context where the court based its determination that Mr. Heisentraut was the prevailing party on its legal conclusion and a pure legal conclusion that notwithstanding the jury's verdict that Mr. Heisentraut breached it, my client could not be the prevailing party as a matter of law. And it's not an issue of the court's discretion over factual matters. I beg to differ on that. And with that, I thank the court for your indulgence. Okay. Thank you very much to everyone for your arguments. The case just argued is submitted, and we are adjourned for the day.
judges: Watford, Thapar, Collins